UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KENITHA L. FERGUSON HARRINGTON and ELITE BEAUTY AND BARBER SUPPLY STORE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DEVIN ROBINSON and BEAUTY SUPPLY INSTITUTE LLC,<br><br>Defendants. | Civil Action File No. 1:24-CV-32-TCB<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES<br><br>JURY TRIAL DEMANDED |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Devin Robinson and Beauty Supply Institute LLC ("BSI") submit their Answer and Affirmative Defenses to Plaintiff's Complaint (ECF 003) filed in the above-captioned action on January 26, 2024, ("Complaint").

## ANSWER

The following paragraphs correspond to the paragraphs in the Complaint, such that the text in each respective paragraph below constitutes Defendants' answer to each such respective specific paragraph

1

in the Complaint. Defendants deny all allegations in the Complaint except as specifically admitted below. Defendants reserve their right to amend or to seek leave to amend this Answer and Affirmative Defenses as investigation and discovery develop.

## I. Parties to This Complaint

Defendants admit the names of the parties. Defendants deny that Devin Robinson is a proper party to this action.

## II. Basis for Jurisdiction

Defendants deny that this Court has diversity jurisdiction because the actual amount in controversy is not more than $75,000. The Plaintiffs did not pay BSI more than $75,000 and the Plaintiffs do not allege that they did. Otherwise, venue is proper in the Northern District of Georgia Atlanta Division.

## III. Statement of Claim

Defendants admit that a written contract was signed on or about November 13, 2020. Defendants admit that Plaintiffs paid for a Full Experience package that included training and consulting services and generally included services like those referred to in the Complaint.

**Defendants' Alleged Failure to Comply:**

1. "Store opening time."

    Defendants deny that they breached the contract regarding the timing of the store opening.

2. "BSI has never registered as a business opportunity seller with the Securities Division as required under the Business Opportunity Act."

    Defendants deny that they were required to register as a business opportunity seller with the Securities Division under the Business Opportunity Act. Defendants deny that a lack of such registration constitutes a breach of the contract as the contract did not require any such registration.

3. "Delayed shipments which plaintiff has no control"

    Defendants deny that they caused shipments to be delayed. Defendants deny that they breached the contract with regard to any shipment issues.

4. "never opened a beauty supply store "

    Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation, which is therefore

denied. Defendants deny that they breached the contract with regard to this statement. Defendants deny that they caused any delay in the store opening.

5. "BSI did not provide to Plaintiff prior to her signing her Store Opening Services Agreement a business opportunity disclosure statement prepared under the Business Opportunity"

    Defendants deny that they breached the contract regarding this statement. Defendants deny that such a disclosure statement was required.

6. "Refusing Refund for all fees she paid related to her BSI Store Opening Services Agreement"

    Defendants admit that Plaintiffs did not receive a refund but deny that they were obligated to provide one for any reason. Defendants deny that they owed a refund to Plaintiffs under the BSI Store Opening Services Agreement.

**"The plaintiff has complied with the plaintiffs obligations under the contract."**

Defendants deny that the Plaintiffs have complied with their obligations under the contract.

## IV. Relief

Defendants admit that Plaintiffs seek the relief requested but deny that they are entitled to any.

"1. fraudulent misrepresentations 2. breach of contract 3. A fraudulent or reckless representation of facts as true when they are not, if intended to deceive 4. Financial Transaction Card Fraud 5. violation of business opportunity act"

Defendants deny that the Plaintiff is entitled to recover for any of these labels or topics. Defendants deny that the Complaint alleges facts sufficient to support any of the stated claims for relief.

"The reason I am entitled to these damages are I have been in an agreement since 11/2020 and it been three years later and ive lost alot of money and opporturnity behind Beauty supply insituite. They gave false marketing and advertsing just to get your money. Gave alse pretences with that I request the court to grant me Damages of $160.000 and addtional $16,000 for punitive"

Defendants admit that it has been over three years since November 2020 but deny liability to the Plaintiffs. Defendants deny that they gave false marketing and advertising. Defendants deny

5

that they gave pretenses. Defendants deny that the Complaint contains factual allegations to support such claims. Defendants deny that the Plaintiff is entitled to any damages of any type.

**V.     Certification and Closing**

Defendants deny all the assertions in the first paragraph of section V.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint, and each claim set forth therein, is barred because at all times relevant, the Defendants acted reasonably, in good faith, and without malice, based upon all relevant facts and circumstances known by the Defendants at the time it acted.

3. Defendant's conduct toward Plaintiff was, at all times, justified, and undertaken in a good faith belief that Defendant was in full compliance with the contract and the law.

4. All conduct of Defendant's employees was protected by the managerial and business judgment privileges.

5. The Complaint, and each claim set forth therein, is barred, in whole or in part, by the applicable statute(s) of limitation.

6. Plaintiff's claims are barred by a contractual limitations provision contained in the written agreement between the Defendants and Plaintiffs.

7. Plaintiff's claims are barred because the Defendants did not breach the agreement

8. Plaintiff's claims are barred to the extent that Plaintiffs failed to comply with all conditions precedent to the commencement of this action.

9. Plaintiff's causes of action are barred because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

10. The Complaint, and each purported cause of action contained therein, is barred against Defendant because any unlawful or other wrongful acts of any agents or employees of Defendant, if any, were outside the scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know or have reason to be aware of such conduct.

11. Plaintiff is not entitled to recover any punitive damages because: (1) Plaintiff failed to plead facts sufficient to support the recovery of punitive damages; and (2) the Defendants committed no act justifying an award of punitive damages.

12. Any award of punitive damages would violate the Defendants' right to substantive and procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution, and under equivalent or related provisions of the Constitution of the State of Georgia.

13. Any award of punitive damages would violate the Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and equivalent or related provisions of the Constitution of the State of Georgia.

14. Plaintiff failed to mitigate, and failed to exercise reasonable care to mitigate, his claimed damages.

15. Plaintiff's losses, if any, are not compensable to the extent they are speculative and uncertain, or both.

16. Plaintiff's claims are barred because of contributory negligence.

17. If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and

contributed to by the acts and omissions of Plaintiff, and because he did not exercise ordinary care on his own behalf, his own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff, and his recovery from Defendant, if any, should be eliminated, or, at least, reduced in proportion to the percentage of Plaintiff's negligence or fault.

18. Any amounts owed by Defendant to Plaintiff, are subject to offset, including by any amounts that Plaintiff owes to Defendant.

19. Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

20. Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

21. Plaintiff's claims are barred because they consented to, and acquiesced in, the acts and omissions alleged in the Complaint.

22. Plaintiff's claims are barred on the ground that they breached the duties that they owed to Defendant under the agreement and their obligation to follow the terms of the contract and the procedures of BSI.

23. Plaintiff cannot recover punitive damages against Defendant, because the standards of conduct to justify punitive damages are not met,

including because Defendant at all times acted without malice, oppression, or fraud, and in a good faith belief that its acts and omissions were justified, lawful, and undertaken for proper business purposes.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendants pray that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants, that Defendants recover against Plaintiffs all costs, expenses, and reasonable attorney's fees incurred by Defendants, and such other and further relief as the Court deems just and proper.

[continued next page]

## JURY DEMAND

Pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure, Defendants Devin Robinson and Beauty Supply Institute LLC demand a trial by jury on all issues so triable.

Dated: June 14, 2024        Respectfully submitted,

FALLON LAW PC

*/s/ Brad Fallon*
Brad Fallon
Georgia Bar No. 226335
1201 W. Peachtree St. NW, Suite 2625
Atlanta, Georgia 30309
Mobile (404) 849-2199
Fax (470) 994-0579
brad@fallonbusinesslaw.com

*Attorney for Defendants*
*Devin Robinson and Beauty*
*Supply Institute LLC*

## RULE 7.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1(a)(2), the Defendants state that the citizenship of the Defendants is as follows:

**Devin Robinson**: **Georgia**

Mr. Robinson is an individual who resides in Georgia.

**Beauty Supply Institute LLC**: **Georgia.**

The company is a domestic limited liability company with its principal place of business in Georgia.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2024, a copy of the Defendants' *Answer and Affirmative Defenses* and *Rule 7.1 Disclosure Statement* were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's CM/ECF System.

                                          */s/ Brad Fallon*
                                          Brad Fallon