## DOCUMENTS ASSOCIATED
## WITH CIVIL CASES PENDING
## IN THE
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

## I. INITIAL DISCLOSURES

### A. Plaintiff's Initial Disclosures.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta          DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 3 0 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Kenitha Ferguson-Harrington
and
Elite Beauty and Barber Supply Store LLC

Plaintiffs

v.                                    Civil Action No.   1:24-CV-32-TCB

Devin Robinson
and
Beauty Supply Institute LLC,

Defendants

### PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

Pursuant to Fed. R. Civ. P. 26(a)(1) Plaintiffs (Kenitha Ferguson-Harrington) and Elite Beauty supply store llc

Plaintiff hired Defendants to assist her in opening a brick-and-mortar beauty supply store in Columbus, Ohio. Plaintiff now asserts claims against Defendant for: (1) breach of contract (2) fraudulent misrepresentation (3)

fraudulent or reckless representation (4) financial transaction card fraud (5) violation of business opportunity act ORC 1334.01. In November 2020, Plaintiff contracted with Beauty Supply Institute to open a beauty supply store

for a scheduled opening date of September 26, 2023. Plaintiff states that Defendant's breached contract through intentional delays, misconduct, and other wrongdoing. The legal issues in this case are as follows:
1. Whether Defendants breached the contract
2. Whether Defendants made fraudulent misrepresentation
3. Whether Defendants made fraudulent or reckless representation
4. Whether Defendants caused intentional financial transaction card fraud
5. Whether Defendants engaged in Unfair Business Practices
6. Whether Defendants made intentional representations to Plaintiff
7. Whether Defendant Mr. Robinson was instrumental in orchestrating the alleged fraud and concealment

(Rev. 03/01/11)                    APP.B - 2

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law  which plaintiff contends are applicable to this action.

Plaintiff has determined Georgia and or Ohio laws applies to this case.

Subject to the development of Plaintiffs' defense as discovery in this matter continues, Plaintiff states the following: (a) Geogia Contracts statutes O.C.G.A 13-1-1 et al. and related case law (b) Ohio contracts statues §2305.06 and related case law; (c) Georgia Misrepresentation of Fraud O.C.G.A § 51-6-2 and related case law; (d) Ohio Misrepresentation of Fraud Section 1302.95; (e) Georgia financial transaction fraud O.C.G.A § 16-9-33; (f) Ohio financial transaction fraud ORC 1349.18 (g) Georgia Business opportunity act O.C.G.A. Sections 10-1-410 through 10-1-417). (h) Ohio business opportunity act ORC 1334.0

Plaintiff further state that there may be additional statues, codes, regulations, and/or legal authority that are

applicable to this action. Plaintiffs reserve the right to supplement this response in accordance with Fed. R. Civ. P. 26(e).

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.) See Attachment A. Plaintiffs reserve the right to supplement this response in accordance with Fed. R. Civ. P. 26(e)

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.) Plaintiffs have not decided whether to use an expert in this case yet. Plaintiffs reserve the right to supplement this response in accordance with Fed. R. Civ. P. 26(e

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.) See Attachment B. Plaintiffs reserve the right to supplement this response in accordance with the Fed. R. Civ. P. 26(e).

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying

(Rev.  03/01/11)                    APP.B - 3

as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

All documents evidencing damage to Plaintiffs claims of (1) breach of contract (2) fraudulent misrepresentation (3) fraudulent or reckless representation (4) financial transaction card fraud (5) violation of business opportunity act ORC 1334.01.  Plaintiff notes that many other documents are relevant to and/or discoverable in this case that may form a basis for computation of Plaintiff's damages. Plaintiff has submitted these documents on July 1, 2024, Document # 14 Exhibits A-E and additional documents submitted on July 26, 2024, Document # 15- Document titled Payment log they are located on electronically stored information ('ESI') on case file.  Plaintiffs expects these to come to light during the discovery period of this case. Plaintiff reserves the right to alter, add to, or amend this list of documents as discovery in this matter progresses, either by amendment to these Initial Disclosures or through the identification of the documents in depositions or responses to written discovery requests.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.) Plaintiffs do not contend that any insurance coverage is applicable in this case. Plaintiffs reserve the right to supplement this response as more information becomes available pursuant to Fed. R. Civ. P. 26(e).

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

Plaintiffs do not currently contend that some other person or legal entity who has an interest in the cause of action

of this case. Plaintiffs reserve the right to supplement this response as more information becomes available pursuant to Fed. R. Civ. P. 26(e).

(Rev.  03/01/11)                    APP.B - 4

## ATTACHMENT A

| Name | Address and Phone Number | Subject Matter |
|---|---|---|
| Kenitha Ferguson-Harrington | 3360 e Livingston Ave suite 3b-2 Columbus, OH 43227 <br><br> 614-743-1967 | Bases for Plaintiffs affirmative defenses, admissions and denials; Defendants' intentions and knowledge; PLAINTIFFS use of money; Defendants' fulfillment of contract; and/or obstacles to the fulfillment of the contract. |
| Kenitha Ferguson-Harrington and Elite Beauty and Barber Supply Store llc | 3360 e Livingston Ave suite 3b-2 Columbus, OH 43227 <br><br> 614-743-1967 | Circumstances surrounding the forming and execution of the contract; communications with Defendants regarding contract and creation of beauty supply store. |
| All witnesses identified in Plaintiff's Initial Disclosures and Defendants | | |
| | | |

6

## ATTACHMENT B

Pursuant to Fed. R. Civ. P 26(a)(1)(A)(ii) and L.R. 26.1,   Plaintiff's   provide the following description by category of the documents, electronically-stored information, and tangible things within their possession, custody, or control that may be used to support their claims and defenses, unless solely for impeachment:

1.   Documents and communications relating to   Plaintiffs   agreement with   Defendants

2.   Documents evidencing and/or referencing Defendants' performance under the contract with Plaintiff, including Defendants' sourcing and purchase of goods and materials used in connection with the opening of Plaintiff's beauty supply store.

3.   Documents and business records relating to revenues, expenses, profits, or losses associated with   Plaintiffs   agreement with   Defendants

4.   Any other business records or communications relating to the claims and defenses in this matter.

Plaintiffs   reserve the right to supplement this response in accordance with Fed. R. Civ. P. 26(e).

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing  by US mail delivering service to be directly

uploaded into the courts CM/ECF   which will send a notice of  electronic filing to        all counsel of
system

record.

Submitted  by October 23, 2024

/Pro-se/ Kenitha L. Ferguson-Harrington

(614)743-1967

٦

Kendla Pelgon-Heulington
3367 E Livingston Ave
Ste 36.2
Columbus, OH 43227

Richard B. Russell Fed Bldg
U.S. Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309