**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FERGUSON HARRINGTON, | CIVIL ACTION |
| *Plaintiff,* | File No. 1:24-CV-00032-TRJ |
| v. | Jury Trial Demanded |
| ROBINSON, et al., | |
| *Defendants.* | |

**CONSOLIDATED PRETRIAL ORDER**

Plaintiff and Defendant submit the following Consolidated Pretrial Order:

1. There are no motions or other matters pending for consideration by the Court except as noted: None.

2. All discovery has been completed. The Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3. Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.      There is a dispute as to the jurisdiction of this Court. Jurisdiction is based upon 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff asserts jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). The parties are diverse: Plaintiff Kenitha L. Ferguson Harrington is a citizen of the State of Ohio; Plaintiff Elite Beauty and Barber Supply Store LLC is incorporated under the laws of Ohio with its principal place of business in Ohio; Defendant Devin Robinson is a citizen of the State of Georgia; and Defendant Beauty Supply Institute LLC is a Georgia limited liability company with its principal place of business in Georgia. However, Defendants dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

The March 7, 2022 Product Request Form—which the parties have stipulated to—reflects that Plaintiff paid only $12,500 to BSI. Plaintiff's own pretrial contentions identify contract damages of approximately $57,780 (consisting of $32,780 in allegedly unaccounted product funds and $25,000 for the consulting fee), plus unquantified rent and expenses. Even accepting Plaintiff's figures at face value, it is not clear that the jurisdictional threshold is met. Defendants contend that, because Plaintiff paid only $25,000 to Defendant, the amount in controversy falls well below $75,000 and this Court lacks subject matter jurisdiction.

5.      The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:** Kenitha L. Ferguson Harrington, Pro Se, 3360 E. Livingston Ave., Ste. 3b-2, Columbus, Ohio 43227; (614) 743-1967; kenithaferguson@gmail.com

**Defendants:** Brad Fallon, Georgia Bar No. 226335, Fallon Law PC, 1201 W. Peachtree St. NW, Suite 2625, Atlanta, Georgia 30309; (404) 849-2199; brad@fallonbusinesslaw.com

6.      Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). No reason exists why Plaintiff should not be permitted to do so.

7.      The captioned case shall be tried (**X**) to a jury. Defendants demanded a jury trial in their Answer (ECF No. 13).

8.      The parties do not request that the trial to a jury be bifurcated.

9.      Attached hereto as **Attachment "A"** are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.

10.     Attached hereto as **Attachment "B-1"** are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as **Attachment "B-2"** are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.

11.     State any objections to Plaintiff's voir dire questions: None at this time. State any objections to Defendants' voir dire questions: None at this time.

12.     All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b). No request for additional strikes.

13.     There is no pending related litigation.

14.     Attached hereto as **Attachment "C"** is Plaintiff's outline of the case which includes a succinct factual summary of Plaintiff's cause of action. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon by Plaintiff are listed under a separate heading. For each item of damage claimed, Plaintiff has provided: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law authorizing a recovery for that particular item of damage.

15.     Attached hereto as **Attachment "D"** is Defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense are listed under a separate heading.

16.     Attached hereto as **Attachment "E"** are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.

17.     The legal issues to be tried are as follows:

a.   Whether this Court has subject matter jurisdiction under 28 U.S.C. § 1332, specifically whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

b.   Whether Defendant Devin Robinson is a proper party to this action, given that the Agreement was between Plaintiff and BSI only and Plaintiff has alleged no basis for individual liability.

c.   Whether Defendants breached the Full Experience Store Opening Services Agreement.

    d.  Whether Plaintiff failed to perform conditions precedent or cooperate, excusing Defendants' performance.

    e.  The actual amount paid by Plaintiff and the value of services and inventory received.

    f.  The proper measure of any damages and whether Plaintiff mitigated damages.

18. Attached hereto as **Attachment "F-1"** for Plaintiff and **Attachment "F-2"** for Defendants is a list of all the witnesses and their addresses for each party. The list designates the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert, impeachment, and rebuttal witnesses whose use as a witness can be reasonably anticipated are included. Each party has also attached a reasonably specific summary of the expected testimony of each expert witness.

19. Attached hereto as **Attachment "G-1"** for Plaintiff and **Attachment "G-2"** for Defendants are the typed lists of all documentary and physical evidence that will be tendered at trial. Each party's exhibits are numbered serially, beginning with 1. Specific objections to another party's exhibits are typed on a separate page and attached to the exhibit list of the party against whom the objections are raised.

Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity. Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.

20.    The following designated portions of the testimony of the persons listed below may be introduced by deposition: None designated at this time. Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned.

21.    Attached hereto as **Attachment "H-1"** for Plaintiff and **Attachment "H-2"** for Defendants are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.

22.    In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. Counsel are directed to refer to the latest edition of the Eleventh Circuit District

Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge.

23.   The parties have not agreed on a special form of submission. The case will be submitted to the jury upon a general verdict unless otherwise directed by the Court.

24.   Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Neither party requests additional time at this juncture.

25.   Not applicable. This case is designated for jury trial.

26.   Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in good faith to discuss the possibility of settlement of this case. The Court ( **X** ) has not discussed settlement of this case with counsel. It appears at this time that there is: ( **X** ) Some possibility of settlement.

27.   Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the Clerk in accordance with the normal practice of the Court.

28.   The Plaintiff estimates that she will require [____] days to present her evidence. The Defendants estimate that they will require 2–3 days to present their evidence. It is estimated that the total trial time is 4–5 days.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above-captioned case submitted by stipulation of the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the Court, unless specifically authorized in writing by the Court.

IT IS SO ORDERED this _____ day of March 2026.

_____
Hon. Tiffany R. Johnson
United States District Judge

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

/s. Kenitha L. Ferguson                         /s/ Brad Fallon
Kenitha L. Ferguson Harrington          Brad Fallon
Plaintiff, Pro Se                                   Counsel for Defendants

**ATTACHMENT "A"**

**JUROR QUALIFICATION QUESTIONS**

1.      Are you a citizen of the United States?

2.      Are you at least 18 years of age?

3.      Have you resided in this judicial district for at least one year?

4.      Are you able to read, write, speak, and understand the English language?

5.      Are you currently under any charge in any court for the commission of a state or federal crime punishable by imprisonment for more than one year?

6.      Have you ever been convicted of a crime punishable by imprisonment for more than one year, and have your civil rights not been restored?

# ATTACHMENT "B-1"

# PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

**ATTACHMENT "B-2"**

**DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS**

# ATTACHMENT "C"

# PLAINTIFF'S OUTLINE OF THE CASE (AMENDED)

## I.    PLAINTIFF'S CONTENTIONS

Plaintiff contends that Defendants breached the Full Experience Store Opening Services Agreement by failing to complete performance, failing to deploy the field team for final setup, and failing to provide a final audit and reconciliation of product holding funds.

Plaintiff further contends that Defendants retained and failed to account for substantial funds provided for inventory and store setup, and that Plaintiff was forced to complete the store independently due to Defendants' nonperformance.

## II.    ISSUES OF FACT TO BE TRIED

Whether Defendants breached the Agreement.
Whether Defendants failed to provide required accounting of funds.
The total amount paid by Plaintiff.
The value of goods and services actually provided.
The amount of unaccounted funds retained by Defendants.
Whether Defendants' failure caused Plaintiff to incur additional expenses.

## III.    ISSUES OF LAW

Whether Defendants breached contractual obligations.
Whether Defendants had a duty to perform full store setup and final reconciliation.
Whether Plaintiff is entitled to direct, consequential, and reliance damages.
Whether Plaintiff reasonably mitigated damages.

## IV.    DAMAGES

Plaintiff seeks recovery of the following damages:

### A.    Payments to Defendants

Consulting Fee Paid: $25,000.00
Product Holding Funds (Wire): $50,780.00
**Subtotal: $75,780.00**

### B.    Unaccounted / Unreturned Funds

Product Holding Funds Not Accounted For: $32,780.00
These funds were not reconciled or returned as required under the
Agreement.

### C.    Buildout & Store Preparation Costs

Flooring labor: $1,500.00
Wall buildout: $750.00
Platform construction: $800.00
Paint: $807.00
Materials: $2,663.00
Labor crew: $2,500.00
Storefront paint: $2,200.00
**Subtotal: $11,220.00**

### D.    Flooring Purchase

Flooring materials purchase: $4,781.78

### E.    Rent and Occupancy Costs

Monthly expenses incurred during delay:
    Rent: $1,600.00
    CAM/Taxes/Insurance: $858.67
    Trash and additional fees: approximately $125.00

**Estimated Monthly Total: $2,583.67**
Estimated Duration (September 2023 – April 2024, approximately 7 months):
**$2,583.67 × 7 = $18,085.69**

### F.    Additional Required Setup Costs

Plaintiff incurred additional expenses for tools, materials, and setup items required by Defendants as part of their store setup process.

### G.    Total Damages

| Category | Amount |
|---|---|
| Payments to Defendants | $75,780.00 |
| Unaccounted Funds | $32,780.00 |
| Buildout Costs | $11,220.00 |
| Flooring | $4,781.78 |
| Rent & Occupancy | $18,085.69 |
| **TOTAL DAMAGES** | **$142,647.47** |

## V.    SUMMARY OF DAMAGES

Plaintiff's damages exceed the jurisdictional threshold under 28 U.S.C. § 1332(a).

Damages include:

Direct damages (payments made and unreturned funds).
Consequential damages (rent, buildout, and operational costs).
Reliance damages (expenses incurred based on Defendants' promised performance).

All damages were foreseeable and directly caused by Defendants' failure to perform.

**ATTACHMENT "D"**

**DEFENDANTS' OUTLINE OF THE CASE**

**Factual Summary**

Defendants Devin Robinson and Beauty Supply Institute LLC ("BSI") deny that they breached the Full Experience Store Opening Services Agreement ("the Agreement"). Defendants contend that they substantially performed their obligations under the Agreement and that any delays or incomplete performance were caused by Plaintiff's own actions and omissions, including Plaintiff's failure to comply with her obligations under the Agreement and the procedures established by BSI.

The Agreement did not guarantee any specific store-opening date or timeline. Defendants coordinated and delivered numerous shipments—gondolas, showcases, glass shelving, slatwalls, wigs, mannequin heads, chemicals, shopping bags and baskets, and other items—as documented in the weekly status reports Plaintiff herself lists as exhibits and in her own emails confirming receipt and submitting photos. Plaintiff actively participated in the process, including approving the store diagram, sending pictures of received items, requesting a projected opening date of September 26, 2023, and providing measurements and approvals. Delays resulted

from external factors and Plaintiff's own failure to timely complete site readiness and cooperate.

Plaintiff paid only $12,500, as reflected in the March 7, 2022 Product Request Form—not the $75,000 claimed. No refund is due under the no-refund policy for services rendered. The services provided were consulting and setup assistance, not a business opportunity requiring registration under Ohio law. Plaintiff ultimately opened the store herself in April 2024. All claims of fraud, misrepresentation, and unfair practices are denied.

Defendants deny that Devin Robinson is a proper party to this action in his individual capacity and contend that the Agreement was between Plaintiff and BSI only.

**Affirmative Defenses**

### 1.    Lack of Subject Matter Jurisdiction (Amount in Controversy)

This Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy does not exceed $75,000, exclusive of interest and costs. The March 7, 2022 Product Request Form reflects a payment of only $12,500. Plaintiff's own pretrial contentions identify contract damages well below the jurisdictional threshold. 28 U.S.C. § 1332(a).

Subject matter jurisdiction cannot be waived and may be raised at any time. The stipulated March 7, 2022 Product Request Form reflects that Plaintiff paid only $12,500 to BSI. Plaintiff's own pretrial contentions identify total contract damages of approximately $57,780 ($32,780 in allegedly unaccounted product funds plus $25,000 for the consulting fee), plus unquantified rent and expenses. Even accepting Plaintiff's figures at face value—which Defendants dispute—the amount in controversy appears to fall below the $75,000 threshold. And because the stipulated payment was only $12,500, Plaintiff's maximum possible recovery is necessarily limited to that amount plus any consequential damages she can prove, which further undercuts the jurisdictional basis. The Complaint's original $160,000 demand was based on amounts Plaintiff never paid and claims she has since abandoned. Defendants respectfully submit that this case should be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1332(a); *see Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807–08 (11th Cir. 2003).

### 2. No Breach and Substantial Performance

Defendants did not breach the Agreement. Defendants substantially performed their obligations, and any alleged deficiencies were caused by circumstances outside Defendants' control or by Plaintiff's own conduct. O.C.G.A. § 13-4-20.

**3.      Plaintiff's Breach and Failure to Perform**

Plaintiff's claims are barred because Plaintiff failed to comply with her own obligations under the Agreement and the procedures of BSI. Plaintiff's breach caused or contributed to any alleged harm. O.C.G.A. § 13-4-3.

**4.      Statute of Limitations and Contractual Limitations**

Plaintiff's claims are barred, in whole or in part, by the applicable contractual limitations provision contained in the Agreement. The Agreement was executed on November 13, 2020. This action was not filed until January 2, 2024. O.C.G.A. § 9-3-24; O.C.G.A. § 9-3-25; terms of the Agreement.

**<u>Legal Authorities</u>**

28 U.S.C. § 1332 (diversity jurisdiction; amount in controversy)
O.C.G.A. § 13-1-1 (contract formation)
O.C.G.A. § 13-4-2 (measure of damages for breach of contract)
O.C.G.A. § 13-4-3 (party cannot benefit from own breach)
O.C.G.A. § 13-4-20 (substantial performance doctrine)
O.C.G.A. § 9-3-24 (six-year statute of limitations, written contracts)
O.C.G.A. § 9-3-25 (four-year statute of limitations, oral contracts and contracts not under seal)

Defendants assert no counterclaim and seek no affirmative damages.

## ATTACHMENT "E"

## STIPULATED FACTS

The parties stipulate to the following facts:

1.     The parties entered into the November 13, 2020 Store Opening Services Agreement for a Full Experience package.

2.     Plaintiff paid $12,500 to Beauty Supply Institute LLC as shown in the March 7, 2022 Product Request Form.

3.     Multiple inventory items (gondolas, showcases, glass shelving, slatwalls, wigs, mannequin heads, chemicals, shopping bags/baskets, and other items) were shipped to and received by Plaintiff, as reflected in the weekly status reports and Plaintiff's own email confirmations and photo submissions.

4.     Plaintiff ultimately opened the store herself in April 2024.

## ATTACHMENT "F-1"

## PLAINTIFF'S WITNESS LIST

**Witnesses Plaintiff Will Have Present at Trial:**

1.    Kenitha L. Ferguson Harrington, 3360 E. Livingston Ave., Ste. 3b-2, Columbus, Ohio 43227.

*Expected testimony:* Plaintiff will testify regarding the Agreement, payments made, communications with Defendants, Defendants' alleged failures to perform, and damages sustained.

**Witnesses Plaintiff May Have Present at Trial:**

2.    Representatives of Beauty Supply Institute LLC (address: 5015 Floyd Rd. SW, Mableton, GA 30126).

3.    Representatives of Urban Business Lending Group (address unknown).

4.    Any person identified in discovery.

Plaintiff reserves the right to call rebuttal witnesses.

Plaintiff anticipates calling:

**ATTACHMENT "F-2"**

**DEFENDANTS' WITNESS LIST**

**Witnesses Defendants Will Have Present at Trial:**

1.    Devin Robinson, Atlanta, Georgia.

   *Expected testimony:* Owner and Manager of Beauty Supply Institute LLC. Mr. Robinson will testify regarding all facts concerning the Agreement, services performed, communications with Plaintiff, shipments, delays, and Plaintiff's cooperation issues.

2.    Demetra Moore, Atlanta, Georgia.

   *Expected testimony:* Project Manager. Ms. Moore will testify regarding budget allocation, lease and measuring instructions, initial project coordination, and status updates.

3.    Leatha Jones, Atlanta, Georgia.

   *Expected testimony:* Lead Project Manager / Quality Control Manager. Ms. Jones will testify regarding store diagram approval, stage and slatwall construction instructions, shipment follow-ups, and daily project management.

4.    Angela Bennett, Atlanta, Georgia.

*Expected testimony:* Project Manager. Ms. Bennett will testify regarding project status communications and 2024 account matters.

**Witnesses Defendants May Have Present at Trial:**

5.    Charmaine Campbell-Blake (Consultant on Product Request Form).

6.    Other Project Management Division representatives (including Tearra Clark and any sender from projectmgmt@beautysupplyinstitute.com).

7.    Field Team representatives.

8.    Corporate representative of Beauty Supply Institute LLC.

9.    Any witness identified in discovery or listed by Plaintiff.

Defendants reserve the right to call rebuttal and impeachment witnesses.

# ATTACHMENT "G-1"

# PLAINTIFF'S EXHIBIT LIST

Plaintiff anticipates offering the following exhibits at trial:

- P-1.   Store Opening Services Agreement
- P-2.   Wire confirmations and payment records
- P-3.   Budget Allocation documentation
- P-4.   Weekly Status Reports
- P-5.   Email communications
- P-6.   Demand letter
- P-7.   Lease agreement and rent statements
- P-8.   Buildout and contractor invoices
- P-9.   Flooring receipts
- P-10.  Additional supporting financial records

## Defendants' Objections to Plaintiff's Exhibits:

Authenticity of the Agreement, Budget Allocation Form, Weekly Status Reports, and BSI-generated emails is stipulated. Relevance, hearsay, and foundation objections are reserved for trial as to all exhibits.

**ATTACHMENT "G-2"**

**DEFENDANTS' EXHIBIT LIST**

Defendants anticipate offering the following exhibits at trial:

D-1.    Store Opening Services Agreement dated November 13, 2020

D-2.    Product Request Form dated March 7, 2022 (showing $12,500 payment)

D-3.    Budget Allocation Form + Demetra Moore email dated May 18, 2022

D-4.    "Lease Signed" email + measurement instructions from Demetra Moore dated May 18, 2022

D-5.    Store Diagram email from Leatha Jones dated August 8, 2022 + attached diagram

D-6.    Diagram approval / stage construction instructions email chain from Leatha Jones dated September 22, 2022

D-7.    Slatwall installation instructions email from Leatha Jones dated October 25, 2022 + Plaintiff's photos

D-8.    Gondolas & Showcases shipment notification email dated December 1, 2022

D-9.    Weekly Status Report dated December 22, 2023

D-10.    Weekly Status Report dated February 22, 2023

D-11.    Weekly Status Report dated February 16, 2023

D-12.    Weekly Status Report dated April 18, 2023 (Mannequin Heads)

D-13.    Weekly Status Report dated July 3, 2023

D-14.    Weekly Status Report dated July 10, 2023

D-15.    Weekly Status Report dated September 18, 2023

D-16.    Wigs shipment email chain (January–February 2023)

D-17.    Glass Shelves delivery dispute / reorder email chain (February 6–15, 2023)

D-18.    Plaintiff's "Received glass shelves waiting on wigs" email dated February 15, 2023

D-19.    Chemicals shipment confirmation email dated September 15, 2023

D-20.    Plaintiff's "Shipment received" / "Pics" email dated July 7, 2023 + Project Management confirmation

D-21.    July 3, 2023 email recap (projected September 26, 2023 opening date)

D-22.   Declaration of Devin Robinson (July 28, 2025) and attached exhibits

D-23.   Store layout diagram prepared for Plaintiff

D-24.   March 18, 2024 email chain (Angela Bennett re: legal representation and accounts)

D-25 through D-35.    Additional shipment tracking records, Plaintiff's photo submissions, and CRM correspondence (reserved for trial).

**<u>Plaintiff's Objections to Defendants' Exhibits:</u>**

**ATTACHMENT "H-1"**

**PLAINTIFF'S TRIAL BRIEF**

# ATTACHMENT "H-2"

# DEFENDANTS' TRIAL BRIEF

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, a copy of the foregoing

Consolidated Pretrial Order was filed electronically. Notice of this filing will be

sent by e-mail to all parties by operation of the Court's Electronic Filing System. A

copy was also served via email upon:

Kenitha L. Ferguson Harrington
3360 E. Livingston Ave., Ste. 3b-2
Columbus, Ohio 43227

/s/ Brad Fallon
Brad Fallon
Georgia Bar No. 226335
FALLON LAW PC
1201 W. Peachtree St. NW, Suite 2625
Atlanta, Georgia 30309
(404) 849-2199
brad@fallonbusinesslaw.com

*Attorney for Defendants*